UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:16-CR-69 |
| v. ) | |
| ) | JUDGE REEVES |
| BRANDON DOUGLAS SHANAHAN ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Brandon Douglas Shanahan, and the defendant's attorney, Joshua D. Hedrick, have agreed upon the following:

1. The defendant will plead guilty to Count One in the indictment, interstate communications with the intent to extort, in violation of 18 U.S.C. § 875(d). The punishment for this offense is as follows: a term of imprisonment of up to two years, a fine of up to $250,000.00, a term of supervised release of up to 1 year and a $100 special assessment.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: (1) The defendant knowingly sent a message in interstate commerce containing a true threat to damage the reputation of another; and (2) the defendant did so with the intent to extort money or something else of value to the defendant.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of

the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) The victim referenced in Count One (hereinafter "C.C.") began conversing with a person under the username Camsutton2323 on the mobile application Snapchat in approximately March 2016. C.C. believed that she was conversing with Cameron Sutton, a University of Tennessee football player since the display name for Camsutton2323 was "Cameron Sutton," and the number 23 is Cameron Sutton's University of Tennessee jersey number. The Camsutton2323 Snapchat username was actually being used by the defendant.

b) On April 9, 2016, C.C. took photographs of herself in a bar atmosphere and posted them to her "Snapchat story," which is an array of photographs for her Snapchat followers to view the photos that she posts.

c) On April 10, 2016, the defendant told CC that she took nude photographs of herself and transmitted them to him via Snapchat the night before. C.C. did not believe she took nude photographs of herself, but she could not recall. Since the Snapchat application deletes photographs that were sent or received after a number of seconds chosen by the sender, C.C. had no way to verify or dispute the defendant's assertion. The defendant threatened CC that he would post the purported nude photograph on social media unless C.C. took more nude photographs and sent them to him.

d) On April 10, 2016, C.C. began receiving telephone calls from the defendant. The defendant identified himself as Cameron Sutton and stated that he had been previously shot with a firearm and suffered a gunshot wound. The defendant instructed C.C. to talk dirty to him or

2

he would put her what he went through, thus, threatening her with physical assault. C.C. believed that the defendant was threatening that he would shoot her.

e) The defendant continued asking for naked and sexually provocative photos and for her to send sexually explicit text messages along with the pictures. The defendant ignored C.C.'s demands that he stop making the threats. C.C. took screenshots of some of the defendant's threats. Since the intent of Snapchat is to permanently delete images that are sent, the application notifies the sending party when a screenshot is taken. The defendant was notified by the application that the images were being saved by C.C. Following this notification, the defendant sent the following message "Screenshot again n ill have someone post these pics all over social media for me Last fuckin chance to snap me a pic of u rn Hurry up Snap me a selfie saying u want my dick. Wink in it to Hurry up before I change my mind n want something else Hurry up Snap me wat I want n ill delete n wont do nun." When C.C. refused the defendant's request, the defendant replied "K. I'm embarrassing u." The defendant's threats placed C.C. in fear for her reputation and her physical safety.

f) Under duress, C.C. complied with the defendant's demands and sent approximately seven photographs of her wearing only a bikini or undergarments. C.C. provided investigators with one screenshot of a photograph showing her entire body in underwear that she sent to the defendant. C.C. stated that she sent these photos against her will and that she would not have sent them if she were not being threatened.

g) Phone records indicate that all messages and threats were sent to C.C. from the defendant. After being arrested and advised of his rights, the defendant admitted that he sent the threatening messages to C.C. with the intent to extort nude pictures from her.

5. The defendant is pleading guilty because the defendant is in fact guilty.

3

The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a)    the right to plead not guilty;

    b)    the right to a speedy and public trial by jury;

    c)    the right to assistance of counsel at trial;

    d)    the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e)    the right to confront and cross-examine witnesses against the defendant;

    f)    the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g)    the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of eighteen (18) months' imprisonment followed by a one (1) year term of supervised release is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the

4

authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to

5

the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

   a)   The defendant will not file a direct appeal of the defendant's conviction(s) or sentence. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

   b)   The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

   c)   The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

10.   This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever

parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

11. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

12. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

NANCY STALLARD HARR
UNITED STATES ATTORNEY

11/2/16
Date

By: _____
Cynthia F. Davidson
Assistant United States Attorney

11-1-16
Date

_____
Brandon Douglas Shanahan
Defendant

11-1-16
Date

_____
Joshua D. Hedrick
Attorney for the Defendant

8